UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE PAUL SPARKS,

     Plaintiff,

v.

SCOTT W. BURTON, et al.,

     Defendants.

Case No. 26-cv-11625

Honorable Robert J. White

---

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, DISMISSING THE COMPLAINT, AND DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND TO APPOINT COUNSEL AS MOOT**

---

Clarence Sparks commenced this 42 U.S.C. § 1983 action against a state probate judge, an unknown probate court clerk, the personal representative for his father's estate, and the personal representative's attorney. The complaint alleges, among other things, that defendants conspired to deprive Sparks from claiming a portion of his father's estate. Before the Court is Sparks's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, (2) dismiss the complaint, and (3) deny Sparks's motion for a temporary restraining order as moot.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Sparks's claims under 42 U.S.C. §§ 1981, 1982, 1985, and 1986 fail as a matter of law.  The section 1981 claim lacks merit because Sparks does not allege that "racial discrimination drove the decision to interfere with" his purported interest in his father's estate. *Williams v. Richland County Children Servs.*, 489 F. App'x 848, 851 (6th Cir. 2012).  The section 1982 claim is implausible for this same reason. The statute applies solely to "claims of racial discrimination in conveyances of real

or personal property." *Taper v. Branch*, No. 25-3350, 2025 U.S. App. LEXIS 33547, at *2 (6th Cir. Dec. 22, 2025); *see also Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413 (1968). And the complaint contains no allegations that defendants engaged in conduct prohibited under sections 1985 or 1986. *See Post v. Trinity Health-Michigan*, 44 F.4th 572, 580 (6th Cir. 2022) ("We have held that § 1985(3) reaches only conspiracies targeting a person based on a classification (like racial discrimination) that would receive heightened scrutiny under the Supreme Court's equal-protection framework.").

The section 1983 claims are implausible for other reasons. With respect to the personal representative and his attorney, the complaint fails to state a claim for relief because neither of them are state actors. A section 1983 plaintiff "must show that he was denied a constitutional right, and that the deprivation was caused by defendants acting under color of state law." *Warman v. Mount St. Joseph Univ.*, 144 F.4th 880, 889 (6th Cir. 2025). An estate's personal representative and a private attorney are not state actors. *See Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) ("Private attorneys are not considered to be state actors for purposes of § 1983."); *see also Michelfelder v. McGee*, 586 F. App'x 850, 851-52 (3d Cir. 2014) (affirming dismissal of a section 1983 claim asserted against an estate's executor on the ground that the amended complaint failed to name a state actor).

As for the probate judge and the unknown probate court clerk, the section 1983 claims cannot proceed against either of them.  Judge Kelley is entitled to absolute judicial immunity from suit for money damages. *See Jones v. Mahoning Cnty. Child. Support Enforcement Agency*, No. 25-3166, 2025 U.S. App. LEXIS 26180, at *5 (6th Cir. Oct. 7, 2025) ("It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages.") (quotation omitted).  And this same immunity "extends to people who are important parts of the judicial process, including court clerks . . ." *Holt v. Cuyahoga Cnty.*, No. 25-3671, 2026 U.S. App. LEXIS 4764, at *2 (6th Cir. Feb. 17, 2026); *see also Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988) (per curiam).  The complaint does not plausibly allege that "any of these defendants' actions went beyond their performance of judicial or quasi-judicial functions." *Holt*, 2026 U.S. App. LEXIS 4764, at *3 (quotation omitted).

Lastly, insofar as Sparks asks this Court to reverse the state probate court's decision appointing the personal representative for his father's estate (ECF No. 1, PageID.22, ¶ B(1)), the requested relief is barred under the *Rooker-Feldman* doctrine. *See HPIL Holding, Inc. v. Zhang*, 168 F.4th 944, 950 (6th Cir. 2026) ("*Rooker* and *Feldman* recognize that inferior federal courts lack jurisdiction over appellate challenges to specific state-court orders.").  Accordingly,

IT IS ORDERED that Sparks's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted.  The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Sparks's motion for a temporary restraining order (ECF No. 5) is denied as moot.

IT IS FURTHER ORDERED that Sparks's motion to appoint counsel (ECF No. 6) is denied as moot.

IT IS FURTHER ORDERED that Sparks may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: July 15, 2026                              s/ Robert J. White
                                                  Robert J. White
                                                  United States District Judge

5